| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Dane W. Exnowski, SBN 281996<br>McCalla Raymer Leibert Pierce, LLP<br>301 E. Ocean Blvd., Suite 1720<br>Long Beach, CA 90802<br>Telephone: 562-661-5060<br>Email: Dane.Exnowski@mccalla.com | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>DEC 12 2025<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** carranza  **DEPUTY CLERK** |
|---|---|
| ☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -*LOS ANGELES* DIVISION**

| In re:<br><br>**Davelle D Williams Myles,** | CASE NO.: 2:23-bk-12758-VZ |
|---|---|
| | CHAPTER: 13 |
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE: 12/09/2025<br>TIME:  10:00 A.M.<br>COURTROOM: 1368<br>PLACE: 255 East Temple Street, Los Angeles, CA |
| Debtor(s). | |

**Movant: SERVIS ONE, INC. DBA BSI FINANCIAL SERVICES**

1.  The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

2.  The Motion affects the following real property (Property):

*Street address*:    **400 NORTH ALBERTSON AVENUE**
*Unit/suite number*:    _____
*City, state, zip code*:    **Compton, California, 90220**

Legal description or document recording number (including county of recording): **20160599763, Los Angeles County**

☐ See attached page.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                     Page 1                                     **F 4001-1.RFS.RP.ORDER**

3.  The Motion is granted under:

    a.  ☒  11 U.S.C. § 362(d)(1)

    b.  ☐  11 U.S.C. § 362(d)(2)

    c.  ☐  11 U.S.C. § 362(d)(3)

    d.  ☐  11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

        (1) ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

        (2) ☐  Multiple bankruptcy cases affecting the Property.

        (3) ☐  The court  ☐ makes  ☐ does not make  ☐ cannot make
             a finding that the Debtor was involved in this scheme.

        (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4.  ☒  As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.  ☒  Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b.  ☐  Modified or conditioned as set forth in Exhibit _____ to this order.

    c.  ☐  Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5.  ☒  Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6.  ☐  Movant must not conduct a foreclosure sale of the Property before (*date*) __.

7.  ☐  The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8.  ☒  In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9.  ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☒  The 14-day stay as provided in FRBP 4001(a)(4) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

###

Date: December 12, 2025

Vincent P. Zurzolo
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.